Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3829 | **DATE** | 11/26/2003 |
| **CASE TITLE** | PENNSYLVANIA LIFE INSURANCE COMPANY vs. VINCENZO RANDAZZO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12/12/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Randazzo's motion to dismiss [doc. no. 11-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 0 1 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 17 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNSYLVANIA LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 03 C 3829 |
| VINCENZO RANDAZZO, | ) ) Judge Ronald A. Guzmán |
| Defendant. | ) ) |

DOCKETED
DEC 01 2003

## MEMORANDUM ORDER AND OPINION

Pennsylvania Life Insurance Company ("Pennsylvania Life") has sued Vincenzo Randazzo ("Randazzo") for rescission of Randazzo's accident benefit insurance contract and for restitution stemming from the benefits received under said contract. Before the Court is Randazzo's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the reasons provided in this Memorandum Opinion and Order, the Court denies the Motion.

## FACTS

On June 4, 1998, Randazzo applied for an accidental benefit insurance policy to be issued by Pennsylvania Life. (Compl. ¶ 5.) The total value of the policy was over $75,000. (Id. ¶ 3.) The policy provided a monthly benefit of $2,200 per month, for life, if an accident occurred which was covered by the contract. (Id. ¶ 3.)

Randazzo completed and signed an application that contained questions regarding his personal habits, health history, and prior disabilities. (Id. ¶¶ 5, 6.) The application

provided space for Randazzo to explain any affirmative answers. (*Id.* ¶ 6.) Randazzo answered "no" to questions regarding any past disabilities thereby disclosing no information. (*Id.*, Ex. 1.)

Based on the information provided in the application, Pennsylvania Life issued the policy. (*Id.* ¶ 7.) Subsequently, Randazzo filed a claim for benefits based on an injury that he allegedly suffered. (*Id.* ¶ 8.) In accordance with the policy, Pennsylvania Life paid benefits totaling $55,225.00 for the period between March 2001 and April 2003. (*Id.* ¶ 8.)

While Pennsylvania Life performed a routine claim investigation, it discovered that Randazzo, at the time of completing the application, was receiving Social Security Disability Insurance benefits and Medicare benefits for a back injury dating back to 1990. (*Id.* ¶ 9.) Randazzo failed to disclose this disability and the benefits he was receiving in his application. (*Id.* ¶¶ 6, 9.) Pennsylvania Life alleges that, due to Randazzo's failure to provide complete information on his application, it was deprived of a proper opportunity to evaluate him as an insurance risk. (*Id.* ¶ 11.) Pennsylvania Life contends that it would not have issued the policy as applied for had it known about the pre-existing disability and the benefits received therefrom. (*Id.*)

Accordingly, Pennsylvania Life filed a complaint in this Court. Pennsylvania Life asks this Court to find that the policy was void from its inception and to order Randazzo to pay Pennsylvania Life all benefits received under the policy.

2

## **DISCUSSION**

Randazzo argues that the Court lacks diversity jurisdiction because the threshold amount is not satisfied. 28 U.S.C. § 1332 (a) (2003). He contends that the complaint should be dismissed pursuant to Rule 12 (b)(1). A Rule 12 (b)(1) motion requires a court to dismiss any action for which it lacks subject matter jurisdiction. *Manos v. Caira*, 162 F. Supp. 2d 979, 986 (N.D. Ill. 2001) (citing Fed. R. Civ. P. 12(b)(1)). In deciding such a motion, all well-pleaded allegations must be taken as true and all reasonable inferences therefrom drawn in favor of the plaintiff. *Rueth v. U.S. Envtl. Prot. Agency*, 13 F.3d 227, 229 (7th Cir. 1993). Diversity jurisdiction is governed by 28 U.S.C. § 1332. 28 U.S.C. § 1332 provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...."

The parties differ on what number represents the amount in controversy. If it is determined that the benefits that Randazzo received under the policy ($55,255.00) is the correct number to be applied, then the Court lacks jurisdiction. If, on the other hand, the face value of the policy (over $75,000.00) is deemed the amount in controversy, then the Court has jurisdiction to hear Pennsylvania Life's claims.

In *Keck v. Fidelity & Casualty Co.*, the Court of Appeals for the Seventh Circuit held that "future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes *only* when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute." 359 F.2d 840, 841 (7th Cir. 1966) (emphasis added). In that case, the validity of the policy was not in dispute, rather it was

3

alleged that the defendant could not establish that he was disabled and entitled to benefits. *Id.* at 841-2. That being the case, the jurisdictional threshold amount was not satisfied and the district court's granting of the motion to dismiss was affirmed. *Id.* at 842. However, the Court's holding made it clear that if the policy had been under attack, the converse result would have been reached. *Id.* at 841.

Most recently, in *Hawkins v. AID Association for Lutherans,* the Court of Appeals for the Seventh Circuit held that "when the validity of a policy (as opposed to the insurer's obligation to pay) is in dispute, the face value of that policy is a proper measure of the amount-in-controversy." 338 F.3d 801, 806 (7th Cir. 2003) (citing *Keck,* 359 F.2d at 841). In that case, where the plaintiffs attempted to nullify the insurance policy's arbitration clause, the court reasoned that plaintiffs were attacking the policy's validity, and because the face value of the policy exceeded $75,000, the court concluded it had jurisdiction. *Id.*

The case before this Court bears a strong resemblance to *Provident Life & Accident Insurance Co. v. Grganto.* No. 97- C4021, 1997 WL 711432, at *1 (N.D. Ill. Nov. 7, 1997). In that suit, the defendant, like Randazzo, applied for disability insurance coverage and was asked certain questions regarding prior illicit drug use. *Id.* Similar to Randazzo, Grganto allegedly failed to disclose information, and the insurer sought rescission of the contract and reimbursement of benefits already paid to Grganto. *Id.* Grganto moved to dismiss pursuant to Rule 12(b)(1), and the court denied the motion and held that the amount in controversy had been met because the face value of the contract was well beyond the amount-in-controversy requirement. *Id.* at 2.

For the same reason, Randazzo's motion is denied. In the case at issue,

4

Pennsylvania Life brings a claim for rescission arguing that had Randazzo disclosed information regarding his prior disability and the benefits he was receiving from Social Security and Medicare, it would not have issued the same policy. Pennsylvania Life does not contest whether Randazzo has suffered a disability, rather it is attacking the validity of the policy. According to Pennsylvania Life, the policy was void at its inception due to Randazzo's failure to disclose pertinent information. It is clear that when a policy's validity is being attacked, the face value of the policy becomes the proper amount in controversy. *Keck*, 359 F.2d at 841; *Hawkins*, 338 F.3d 801, 806. Grounds for rescission is an attack on the policy. *Provident Life*, 1997 WL 711432, at *1. Accordingly, the Court denies Randazzo's Motion to Dismiss.

## CONCLUSION

For the reasons provided above, the Court denies Randazzo's Motion to Dismiss [doc. no. 11-1].

**SO ORDERED**  ENTERED: 11/26/03

HON. RONALD A. GUZMAN
United States Judge

5